IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

DARION CORTEZ MERRIWEATHER,

     Plaintiff,

v.                                  No. 1:26-cv-01101-JDB-tmp

CORECIVIC, et al.,

     Defendant.

---

ORDER DISMISSING CASE WITHOUT PREJUDICE AND ASSESSING $405 CIVIL
FILING FEE

---

On May 11, 2026, Plaintiff, Darion Cortez Merriweather, Tennessee Department of Correction prisoner number 577026, who is incarcerated at the Whiteville Correctional Facility (the "WCF") in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 1), and a motion for leave to proceed in forma pauperis. (D.E. 2 (the "IFP Motion").) The IFP Motion included (1) a signed but incomplete Application to Proceed in District Court Without Prepaying Fees or Costs (D.E. 2 at PageID 9-10 (omitting responses to questions three through eight on the Application form)), and (2) an unsigned document titled "Certificate" purporting to show that Merriweather has $0.00 in his inmate account at the WCF (D.E. 2-1 at PageID 11 (not dated, not signed by an officer of the WCF, and not signed by a notary public).)

On May 18, 2026, the Court ordered Merriweather to submit, within thirty days, "either (1) the entire $405 civil filing fee, or (2) (a) a properly completed and executed application to proceed in forma pauperis and (b) a certified copy of his trust fund account statement at the WCF covering the six months before he filed the complaint." (D.E. 4 at PageID 18 (the "Compliance Order").)

The Court warned Plaintiff that if he "fails to comply with this order in a timely manner, the Court will deny leave to proceed in forma pauperis, assess the entire filing fee of $405 from his inmate trust account without regard to the installment payment procedures and dismiss the action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id*. at PageID 18-19 (citation omitted).)  On the day of the Compliance Order's entry, the Clerk mailed to Merriweather a copy of the order and an Application to Proceed in District Court Without Prepaying Fees or Costs (collectively, the "Mailing").  The Mailing has not returned to the Clerk as undeliverable, and Plaintiff has not notified the Clerk that he was transferred to another facility or released.

Merriweather's deadline to comply with the Compliance Order was June 17, 2026.  (*See* D.E. 4 at PageID 18.)  To date, he has neither complied nor sought an extension of time to do so.  Accordingly, this case is hereby DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for Merriweather's failure to prosecute and comply with the Compliance Order.  "Rule 41(b) authorizes dismissal '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order.'"  *Moore v. Erickson*, No. 22-2134, 2023 WL 9023353, at *2 (6th Cir. Oct. 5, 2023) (quoting Fed. R. Civ. P. 41(b)).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee because the responsibility for paying the filing fee accrues at the time the complaint is filed.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (citing *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (holding that a dismissal of prisoner's civil action pursuant to § 1915(g) did not obviate the obligation to pay the filing fee).

Plaintiff is ORDERED to cooperate fully with prison officials in carrying out this order. The trust fund officer at the prison is ORDERED to withdraw the sum of $405.00 from Merriweather's trust fund account and forward that amount to the Clerk. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Merriweather's account and forward them to the Clerk. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10.00, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10.00 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Merriweather's account to bring the balance to $10.00.

Each time that the trust fund officer makes a payment to the Court as required by this order, the officer shall print a copy of Plaintiff's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District Tennessee
167 N. Main, Ste. 242
Memphis, TN 38103

and shall clearly identify Merriweather's name and the case number as it appears on the first page of this order. If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If Merriweather fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine

3

or restrictions on Plaintiff's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts and to the administrator of the jail to ensure that the custodian of Merriweather's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Merriweather would not be taken in good faith. Leave to proceed on appeal in forma pauperis is therefore DENIED.

IT IS SO ORDERED this 2nd day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

4